IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MITCHELL L BOGENREIF,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, Director; STATE OF NEBRASKA, and DEPARTMENT OF CORRECTIONAL SERVICES,<br><br>Respondents. | 4:19CV3101<br><br>**ORDER** |

This matter is before the Court on Mitchell Bogenreif's ("Petitioner") Petition for Writ of Habeas Corpus (Filing No. 1) under 28 U.S.C. § 2254. Pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, the Court is to dismiss the Petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Based upon the Court's review of the Petition, the Court cannot make such determination at this time. The parties are advised that this determination is preliminary only.

To ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution. Accordingly, this case will be progressed as set out below.

**IT IS ORDERED:**

1.  By February 3, 2020, Respondents shall file a motion for summary judgment or state court records in support of an answer.

2. If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

    C. Copies of the motion for summary judgment, the designation, including state court records, and Respondents' brief must be served on Petitioner, except that Respondents are only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondents' brief. If the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the claims.

    D. No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

    E. No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply and that the motion is fully submitted for decision.

3. If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with terms of this order. (*See* following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. Respondents are warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions.

4. If Respondents elect to file an answer, the following procedures shall be followed by Respondents and Petitioner:

A. By February 3, 2020, Respondents shall file all state court records that are relevant to the claims. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

B. No later than 30 days after the filing of the relevant state court records, Respondents shall file an answer. The answer shall be accompanied by a separate brief, submitted at the time of the filing of the answer. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.

C. Copies of the answer, the designation, and Respondents' brief must be served on Petitioner at the time they are filed with the Court except that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondents' brief. In the event the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the claims.

D. No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief. In the event Respondents elect not to file a reply brief, they should inform the Court by filing a notice stating that they will not file a reply and that the motion is fully submitted for decision.

5. No discovery shall be undertaken without leave of court.

6. The Clerk of Court is directed to provide a copy of this Order and the Petition to Respondents and the Nebraska Attorney General's Office.

Dated this 3rd day of December, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge